# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **CARLINE FISHERIES INC ET AL** | **CASE NO. 6:16-CV-01506** |
| **VERSUS** | **JUDGE DRELL** |
| **VECTOR DISEASE CONTROL ET AL** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the Court is the Motion for Attorney's Fee and Expenses filed on behalf of Gilbert Dozier (Rec. Doc. 86) in response to this Court's Order of June 3, 2019. (Rec. Doc. 85). Mr. Guy Patout, proceeding *pro se*, filed a Response pursuant to this Court's order. (Rec. Doc. 89). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motion is granted.

## Factual Background

Mr. Gilbert Dozier initially filed a Complaint in this Court in October 2016 on behalf of Guy Patout and several other crawfish farmers who alleged their crawfish crop was damaged by the defendant's chemicals. (Rec. Doc. 1). Mr. Dozier and the plaintiffs agreed to representation based on the number of acres each plaintiff owned. Mr. Patout owned 35 acres, which represented 4.36% of the total 802 acres.

(Rec. Doc. 86-5, fn. 1[1]). Approximately one year later, Mr. Dozier moved to withdraw as counsel for Mr. Patout. (Rec. Doc. 53). Following a hearing on Mr. Dozier's motion to withdraw, the Court granted the Motion on October 24, 2017. Mr. Dozier was not discharged for cause.[2]

The case proceeded through litigation, including several depositions, with Mr. Patout proceeding *pro se* until May 2019 when the parties settled. (Rec. Doc. 84). Subsequently, Mr. Patout expressed to the Court in a telephone voicemail that he was dissatisfied with Mr. Dozier's attempt to collect attorneys' fees from Mr. Patout's portion of the settlement proceeds. The Court issued an Order directing Mr. Dozier to file the appropriate motion with documentation supporting his claim for attorneys' fees and costs. (Rec. Doc. 85).

Mr. Dozier attached to his motion a copy of his retainer agreement with Mr. Patout, wherein Mr. Patout agreed to pay $175 initially in addition to a contingency fee in the amount of 33 1/3% of the gross amount recovered (before appeal). (Rec. Doc. 86-2). Mr. Dozier further submitted evidence of $9,000 expert fees incurred during his representation of Mr. Patout, as well as other case expenses totaling $11,915.00 incurred on behalf of all landowners. (Rec. Doc. 86-4 and 86-5). Of these case expenses, $1,640.20 were incurred after Mr. Dozier's withdrawal from Mr.

---

[1] Mr. Patout has not presented any evidence to dispute this calculation.
[2] The record of the proceedings on Mr. Dozier's motion to withdraw are sealed.

Patout's representation. The latter expenses represent those incurred for the defendant's representative and witness depositions. (Rec. Doc. 86-5, item 3(f) – (j)). In addition, the cost of Mr. Patout's deposition totaled $270.00. (Rec. Doc. 86-5, item 4(b)). It is unclear from the record whether Mr. Patout's deposition occurred before or after Mr. Dozier's withdrawal.[3]

## Applicable Law

This is a diversity case removed pursuant to 28 U.S.C. §1332. Therefore, Louisiana substantive law applies to the issue before the Court. *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 510 (5th Cir. 2007). The Fifth Circuit set forth the law applicable to Louisiana attorneys' fees disputes as follows:

> The Louisiana Supreme Court has instructed courts to consider factors inspired by Rule 1.5(a) of the Louisiana Rules of Professional Conduct in arriving at reasonable fee awards in *quantum meruit*. These include:
>
> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.
>
> Courts applying Louisiana law utilize these factors to determine awards in *quantum meruit* when attorneys with contingency fee agreements have been discharged. This applies when attorneys are discharged either with or without cause, although courts must reduce the award of

---

[3] Defendants filed a motion for summary judgment in 2017 (prior to Mr. Dozier's withdrawal) to which were attached several plaintiffs' deposition transcripts; however, Mr. Guy Patout's deposition was not attached. (Rec. Doc. 44).

an attorney discharged for cause according to the "nature and gravity of the cause which contributed to the dismissal." Additionally, courts may consider these "*Saucier* factors" in the *quantum meruit* analysis when seeking to determine the reasonable value of the service provided by an attorney who operated without a contingency fee agreement.

*Corey v. Brocato*, 626 F. App'x 480, 482–83 (5th Cir.2015), citing *City of Alexandria v. Brown*, 740 F.3d 339, 358 (5th Cir.2014); and *Saucier v. Hayes Dairy Prod., Inc.,* 373 So. 2d 102, 118 (La. 1978), *on reh'g* (June 25, 1979), *inter alia.*

The evidence presented, which Mr. Patout has not challenged, shows that Mr. Dozier represented Mr. Patout for approximately one year, during which time he retained and worked with an expert, prepared and filed the lawsuit, amended the lawsuit, conducted at least one deposition, and filed an Affidavit pursuant to F.R.C.P. Rule 56(d) in response to Defendant's Motion for Summary Judgment. Considering Mr. Dozier's efforts, as well as the facts that Defendant's Motion for Summary Judgment was denied, that Mr. Patout ultimately obtained a favorable settlement, and that Mr. Dozier was not discharged for cause, the Court finds, in applying the *Saucier* factors, that 20% (voluntarily reduced from 33 1/3% by Mr. Dozier), of Mr. Patout's recovery of $4,000, which equates to $800, is a reasonable amount of attorneys' fees to which Mr. Dozier is entitled in fair compensation.

Mr. Dozier is also entitled to recoup the expenses he incurred during his representation, in accordance with his fee agreement with Mr. Patout. With regard to expenses incurred after his withdrawal as Mr. Patout's attorney, Mr. Dozier argues

that "Guy Patout received the full benefit of the case expenses," including those incurred post-withdrawal. Mr. Dozier's position finds support in Louisiana law.

> Quantum meruit is an equitable remedy, based on former LSA–C.C. Article 1965, which provided that "no one ought to enrich himself at the expense of another," and on LSA–C.C. Articles 2292–2294, relating to quasi-contracts. Where there has been an enrichment in the absence of a contract, the law implies a promise to pay a reasonable amount for the labor and materials furnished. *Swiftships, Inc. v. Burdin,* 338 So.2d 1193 (La.App. 3d Cir.1976); *Bordelon Motors, Inc. v. Thompson,* 176 So.2d 836 (La.App. 3d Cir.1965). Recoverable items include the actual cost of materials and labor, including general overhead, and a reasonable or fair profit. *Houma Armature Works & Supply, Inc. v. Landry,* 417 So.2d 42 (La.App. 1st Cir.1982); *Skains v. White,* 391 So.2d 1327 (La.App. 2d Cir.1980); *Brummett v. Hamel's Dairy, Inc.,* 324 So.2d 502 (La.App. 2d Cir.1975).
>
> *Coastal Timbers, Inc. v. Regard*, 483 So.2d 1110, 1113 (La. App. 3rd Cir. 1986). (Footnotes omitted.)

Of the $11,915.00 total expenses incurred by Mr. Dozier for the benefit of the plaintiffs, $1,640.20 were incurred after Mr. Dozier withdrew from representing Mr. Patout. According to the uncontroverted evidence, these post-withdrawal expenses included the costs of depositions of Defendant's representative and the pilot (presumably a fact witness). The benefits of these depositions would have been enjoyed by all plaintiffs, including Mr. Patout, regardless of Mr. Dozier's withdrawal. Therefore, the Court finds that to deny Mr. Dozier recovery of Mr. Patout's share of these expenses would constitute an unjust enrichment.

Mr. Patout's response to Mr. Dozier's motion and requested attorneys' fees indicates that he disagreed with Mr. Dozier's evaluation of his case (Rec. Doc. 89);

5

however, disagreement regarding case value does not controvert the Court's application of the *quantum meruit* factors in this case. Accordingly, the Court finds that Mr. Dozier's Motion should be granted.

## Conclusion

For the reasons discussed herein, Gilbert Dozier's Motion for Attorney's Fees and Expenses (Rec. Doc. 86) is GRANTED. Mr. Dozier is entitled to the following: $800 attorneys' fees; $519.49 reimbursement of common case expenses; and $95.00 reimbursement of Mr. Patout's individual expenses.

THUS DONE in Chambers, Lafayette, Louisiana on this 31st day of July, 2019.

_____
PATRICK J. HANNA